UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| TRAVIS HOWARD, VANESSA HOWARD, WILLIAM SIMMS, CHARLES NEFF, STACY ADAMS-NEFF, and GWEN SNYDER, individually and on behalf of all others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>LVNV FUNDING, LLC, and RESURGENT CAPITAL SERVICES, LP,<br><br>Defendants. | Case No. 3:19-cv-93<br><br>CLASS ACTION<br><br>**JURY TRIAL DEMANDED** |

Travis Howard, Vanessa Howard, William Simms, Charles Neff, Stacy Adams-Neff, and Gwen Snyder (collectively "Plaintiffs"), individually and on behalf of all others similarly situated, bring this action against LVNV Funding, LLC, and Resurgent Capital Services, LP ("Defendants"), and allege as follows:

### NATURE OF THE ACTION

1. This action seeks damages, attorneys' fees, and costs against Defendants for their violations of the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. §§ 1692 *et seq*.

### JURISDICTION AND VENUE

2. The Court has subject matter jurisdiction over the claims at issue under 28 U.S.C. § 1331 and 15 U.S.C. § 1692.

3. The Court has personal jurisdiction over Defendants because the claims at issue arose in this district and Defendants do substantial business in this district.

4. Venue is proper under 28 U.S.C. § 1391 because a substantial part of the events and/or omissions at issue occurred in this district.

## PARTIES

5. Plaintiff Travis Howard is and was a resident of Cambria County, Pennsylvania at all times relevant to this action.

6. Plaintiff Vanessa Howard is and was a resident of Cambria County, Pennsylvania at all times relevant to this action.

7. Plaintiff William Simms is and was a resident of Clearfield County, Pennsylvania at all times relevant to this action.

8. Plaintiff Charles Neff is and was a resident of Washington County, Pennsylvania at all times relevant to this action.

9. Plaintiff Stacy Adams-Neff is and was a resident of Washington County, Pennsylvania at all times relevant to this action.

10. Plaintiff Gwen Snyder is and was a resident of Westmoreland County, Pennsylvania at all times relevant to this action.

11. Defendant LVNV Funding, LLC is a limited liability company with its principal place of business in Greenville, South Carolina.

12. LVNV's sole business is the purchasing of consumer debt with the purpose of collecting on that debt.

13. Defendant Resurgent Capital Services LP is a limited partnership with its principal place of business in Greenville, South Carolina.

14. Resurgent's sole business is collecting debts owed to others.

15. Defendants use instrumentalities of interstate commerce, such as telephone, mail, and the internet, to collect on debt.

## FACTUAL ALLEGATIONS

16. In March 2018, August 2018, November 2018, and March 2019, Plaintiffs filed for protection under Chapter 13 of the Bankruptcy Code (the "BKs").

17. On June 7, 2018, September 14, 2018, September 26, 2018, January 16, 2019, and April 10, 2019, Defendants filed proof of claims in the BKs in an attempt to collect debts (collectively the "POCs").

18. With regard to the Howards, Defendants filed a POC for an open-end credit card account on a debt originally owed to Monterey County Bank, which debt was incurred for family, personal and household purposes.

19. With regard to the Howards, Defendants filed a POC for an open-end credit card account on a debt originally owed to Credit One Bank, which debt was incurred for family, personal and household purposes.

20. With regards to Simms, Defendants filed a POC for an open-end credit card account on a debt originally owed to First Premier Bank, which debt was incurred for family, personal and household purposes.

21. With regard to Neff and Adams-Neff, Defendants filed a POC for an open-end credit card account on a debt originally owed to Sears National Bank, which debt was incurred for family, personal and household purposes.

22. With regard to Snyder, Defendants filed a POC for an open-end credit card account on a debt originally owed to Monterey County Bank, which debt was incurred for family, personal, and household purposes.

23. The creditors listed on the POCs are referred to collectively as the "Creditors" and the debts listed on the POCs are referred to collectively as the "Debts."

24. In response to whether the Debts "include[d] interest or other charges" Defendants checked "No" in Box 7 of the POC forms.

25. Defendants also stated in an "Account Detail" page attached to the POCs that the amount of "Interest Due" on the Debts was "$0.00" and the amount of "Fees" on the Debts was "$0.00."

26. The accuracy of the POCs and the attached "Account Detail" pages was attested to and signed under the penalty of perjury by a "Bankruptcy Representative" employed by Defendants.

27. The POCs filed by Defendants were false, misleading, and deceptive because the Debts included interest and fees, contrary to Defendants' representations.

28. Defendants knew the Debts included interest and fees because Defendants were given written records by the Creditors following the sale and purchase of the Debts.

29. These records showed that the Debts included principal, interest, and fees.

30. Defendants knew the Debts included principal, interest, and fees.

31. Despite this knowledge, Defendants instructed its employees and agents to file the POCs, asserting that no interest or fees were included in the Debts.

32. In fact, Defendants regularly file POCs that only list principal on the defaulted open-end credit card accounts Defendants purchases, even though Defendants know that those accounts include interest and fees.

33. Defendants' false, deceptive, and misleading practice of misreporting interest and fees as principal on the POCs it files in consumer bankruptcy cases is a material violation of the

FDCPA for multiple reasons, including the fact that Defendants' misreporting can affect how a debtor's estate is administered.

34. For example, the disclosure of interest and fees on unsecured debts allows debtors and Chapter 13 trustees to determine whether a legal challenge to a specific proof of claim is appropriate.

35. By depriving debtors and Chapter 13 trustees of the substantive information regarding the interest and fees on unsecured claims, Defendants are willfully withholding information necessary to determine whether a challenge to Defendants' POCs is proper.

36. As a result of Defendants' actions, the rights of Plaintiffs and those similarly situated to Plaintiffs were violated, and Plaintiffs and the members of the class defined below suffered injury in fact.

## CLASS ALLEGATIONS

37. Plaintiffs bring this action individually and on behalf of all others similarly situated under Rules 23(a) and 23(b)(3) of the Federal Rules of Civil Procedure.

38. Plaintiffs seek to certify the following class: "All individuals with a bankruptcy filed in Pennsylvania in which Defendants, within the applicable statute of limitations, filed a proof of claim without itemizing the interest and fees on the debt underlying the proof of claim."

39. Plaintiffs reserve the right to expand, narrow, or otherwise modify the class as the litigation continues and discovery proceeds.

40. <u>Numerosity:</u> The class is so numerous that joinder is impracticable. On information and belief, the members of the class number in the hundreds.

41. <u>Ascertainability:</u> The class is ascertainable because Defendants, the courts, and the relevant creditors keep and collect relevant information on each class member.

42. <u>Typicality</u>: Plaintiffs' claims are typical of the claims of the class because the claims of Plaintiffs and the class are based on the same legal theories and arise from the same conduct.

43. <u>Commonality and Predominance</u>: Plaintiffs and the class members share numerous common questions of law and fact that will drive the resolution of this litigation and that predominate over any individual issues. For instance, each class member requires the same evidence and the same legal arguments to prove whether Defendants' practice of failing to itemize interest and fees on its proof of claim forms is unlawful. Similarly, Defendants' practice of failing to itemize interest either is unlawful to all class members or to none of them. These common questions and other similar common questions of law and fact will drive the resolution of this litigation and predominate over any individual issues.

44. <u>Adequacy</u>: Plaintiffs are adequate representatives of the class because Plaintiffs' interests do not conflict with the interests of the class members. Plaintiffs will fairly, adequately, and vigorously represent and protect the interests of the class, and Plaintiffs have no interests antagonistic to the class. Plaintiffs also have retained counsel who are competent and experienced in the prosecution of class action litigation generally, and FDCPA litigation on a class and individual basis.

45. <u>Superiority:</u> The injury sustained by each class members is not of such magnitude that it is economically feasible to prosecute individual actions against Defendants. Requiring many injured plaintiffs to file individual actions would impose a crushing burden on the court system and almost certainly lead to inconsistent judgments. By contrast, class treatment presents far fewer management difficulties and provides benefits of a single adjudication, economies of scale, and comprehensive supervision by a single court.

## COUNT I
### Violation of the Fair Debt Collection Practices Act
### 15 U.S.C. §§ 1692, *et seq.*

46. Plaintiffs repeat and re-allege all prior allegations as if set forth at length herein.

47. This claim is brought individually and on behalf of the class.

48. Plaintiffs are consumers, the Debts are debts, and Defendants are debt collectors under the FDCPA. 15 U.S.C. §§ 1692a(3), (5), (6).

49. Defendants' actions and practices described herein constitute as false, deceptive or misleading representations or means in connection with the collection of a debt, in violation of 15 U.S.C. § 1692e, and unfair or unconscionable means to collect or attempt to collect any debt, in violation of 15 U.S.C. § 1692f.

50. As a result of Defendants' failure to comply with the provisions of the FDCPA, and the resulting injury and harm Defendants' failure caused, Plaintiffs are entitled to actual damages, statutory damages, and attorneys' fees and costs under 15 U.S.C. § 1692k.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiffs pray for the following relief:

a. An order certifying the proposed class;

b. An order appointing Plaintiffs as class representatives and Plaintiffs' counsel as class counsel;

c. An order awarding actual, statutory, and all other damages available by law, along with pre-and post-judgment interest;

d. An order awarding attorneys' fees and costs;

e. An order declaring Defendants' conduct unlawful;

f. An order awarding all other relief that is just, equitable and appropriate.

## **JURY TRIAL DEMANDED**

Plaintiffs request a jury trial on all claims so triable.

Respectfully Submitted,

Dated: June 6, 2019          By:   /s/ Mark G. Moynihan
Mark G. Moynihan
Moynihan Law, P.C.
2 Chatham Center, Suite 230
Pittsburgh, PA 15219
(412) 889-8535
mark@moynihanlaw.net

/s/ Kevin Abramowicz
Kevin Abramowicz
BCJ Law LLC
186 42nd Street, P.O. Box 40127
Pittsburgh, PA 15201
(412) 223-5740
kevina@bcjlawyer.com

*Attorneys for Plaintiffs*