IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| TRAVIS HOWARD, VANESSA HOWARD, WILLIAM SIMMS, CHARLES NEFF, STACY ADAMS-NEFF, and GWEN SNYDER, *individually and on behalf of all others similarly situated,* | ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) | Case No. 3:19-cv-93  JUDGE KIM R. GIBSON |
| Plaintiffs, | | |
| v. | | |
| LVNV FUNDING, LLC, and RESURGENT CAPITAL SERVICES, LP, | | |
| Defendants. | | |

## MEMORANDUM OPINION

I.  Introduction

Travis Howard and Vanessa Howard, Charles Neff and Stacy Adams-Neff, William Simms, and Gwen Snyder (collectively, the "Plaintiffs"), debtors who each filed for bankruptcy protection, brought this class action against Defendants LVNV Funding, LLC, and Resurgent Capital Services, LP (collectively, "LVNV"). Plaintiffs allege that Defendants violated the federal Fair Debt Collection Practices Act's ("FDCPA") prohibitions on making false or misleading representations to collect a debt and using unfair or unconscionable debt collection practices by filing false proofs of claim of debts Plaintiffs owed during each Plaintiff's respective bankruptcy proceedings. LVNV moved to dismiss, arguing that Plaintiffs failed to state a claim because the Bankruptcy Code (the "Code") preempts the FDCPA and that LVNV's actions, as alleged, do not violate the FDCPA. LVNV's Motion to Dismiss (ECF No. 20) is fully briefed (ECF Nos. 21, 26) and ripe for disposition.

This Court **GRANTS IN PART** and **DENIES IN PART** the Motion and holds that Plaintiffs have stated a claim for violations of the FDCPA under a theory of false or misleading representations but not for unfair or unconscionable debt collection practices.

## II.  Jurisdiction and Venue

This Court has subject-matter jurisdiction because Plaintiffs allege violations of the FDCPA, a federal law. 28 U.S.C. § 1331. Further, the FDCPA expressly grants district courts jurisdiction over claims alleging violations of its provisions. 15 U.S.C. § 1692k(d).

Venue is proper because a substantial part of the events giving rise to this action occurred in the Western District of Pennsylvania. 28 U.S.C. § 1391.

## III.  Factual Background

The Court draws all facts from Plaintiffs' Amended Complaint (ECF No. 15) and accepts them as true for the purpose of deciding the Motion.

Between March 2018 and March 2019, each Plaintiff filed for protection from creditors under Chapter 13 of the Code. (ECF No. 15 ¶ 17.) In each of Plaintiffs' bankruptcy proceedings, LVNV filed a proof of claim[1] to collect a debt Plaintiffs allegedly owe or owed to LVNV. (*Id.* ¶ 18.) On each proof of claim,[2] LVNV listed the amount of the claim and did not check a box stating that the claim included "interest or other charges." (*Id.* ¶¶ 19–21.) The proof of claim

---

[1] A proof of claim is a document filed against a debtor in a bankruptcy proceeding, signaling that a creditor has a claim against the debtor. The proof of claim tells the bankruptcy trustee about the claim, particularly the amount claimed, so that the bankruptcy trustee can determine whether and what amount to pay the creditor. If a creditor does not file a proof of claim, it will not get paid for its claim in the bankruptcy process.

[2] LVNV's process for filing the proofs of claim was substantially identical in each case, so the Court will only cite to one instance for the sake of convenience.

listed the entire amount claimed as principal and nothing owed in either interest or fees. (*Id.* ¶¶ 22–23.) The various proofs of claim ranged in value from $309.36 to $1,148.62. (*Id.* ¶¶ 22, 26.)

Although the proofs of claim stated otherwise, the amounts claimed included interest and fees. (*Id.* ¶ 46.) LVNV knew that the amounts included interest and fees because it received records of the debts when it purchased the debts from the original creditors. (*Id.* ¶ 47.) LVNV knowingly filed false proofs of claim against each of Plaintiffs and this filing of false proofs of claim is LVNV's regular practice. (*Id.* ¶¶ 50–51.) After filing a false proof of claim, LVNV either withdraws the claim after the debtor objects, permits the bankruptcy court to disallow the claim by default, or provides correct information after the bankruptcy court orders it to do so. (*Id.* ¶ 52.) These false filings deny debtors information necessary to properly evaluate the proofs of claim. (*Id.* ¶ 56.) By falsely filing, LVNV is saved the expense and burden of correctly stating the value of the proof of claim with separate valuations for principal, interest, and fees. (*Id.* ¶ 64.)

IV.   **Procedural Background**

Plaintiffs filed the Complaint with this Court on June 6, 2019. (ECF No. 1.) LVNV filed a Motion to Dismiss on August 5, 2019, and Plaintiffs filed an Amended Complaint on August 26, 2019. (ECF Nos. 12, 15.) The Amended Complaint alleges that LVNV violated the FDCPA's prohibitions on making false or misleading representations in collecting debts in violation of Title 15, United States Code, Section 1692e ("Section 1692e"), as well as the FDCPA's bar on using unfair or unconscionable debt collection practices in violation of Title 15, United States Code, Section 1692f ("Section 1692f"). (ECF No. 15 ¶¶ 76–80.) LVNV renewed its Motion to

Dismiss on September 10, 2019. (ECF No. 20.) Plaintiffs filed a Brief in Opposition on October 1, 2019. (ECF No. 26.)

## V.     Legal Standard

The Court may dismiss a complaint under Federal Rule of Civil Procedure 12(b)(6) where the complaint fails "to state a claim upon which relief can be granted." *Connelly v. Lane Const. Corp.*, 809 F.3d 780, 786 (3d Cir. 2016). But detailed pleading is not generally required. *Id.* The Rules demand only "a short and plain statement of the claim showing that the pleader is entitled to relief" to give the defendant fair notice of what the claims are and the grounds upon which they rest. *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (quoting Fed. R. Civ. P. 8(a)(2)).

Under the pleading regime established by *Twombly* and *Iqbal*, a court reviewing the sufficiency of a complaint must take three steps.[3] *See Ashcroft v. Iqbal*, 556 U.S. 662, 675 (2009). First, the court must "tak[e] note of the elements [the] plaintiff must plead to state a claim." *Id.* Second, the court should identify allegations that, "because they are no more than conclusions, are not entitled to the assumption of truth." *Id.* at 679; *see also Burtch v. Milberg Factors, Inc.*, 662 F.3d 212, 224 (3d Cir. 2011) ("Mere restatements of the elements of a claim are not entitled to the assumption of truth.") (citation omitted). Finally, "[w]hen there are well-pleaded factual allegations, [the] court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief." *Iqbal*, 556 U.S. at 679. "A claim has facial plausibility when

---

[3] Although *Iqbal* described the process as a "two-pronged approach," *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009), the Supreme Court noted the elements of the pertinent claim before proceeding with that approach, *see id.* at 675–79. Thus, the Third Circuit has described the process as a three-step approach. *See Connelly*, 809 F.3d at 787; *Burtch v. Milberg Factors, Inc.*, 662 F.3d 212, 221 n.4 (3d Cir. 2011) (citing *Santiago v. Warminster Twp.*, 629 F.3d 121, 130 (3d Cir. 2010)).

the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.; see also Connelly*, 809 F.3d at 786. Ultimately, the plausibility determination is "a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Iqbal*, 556 U.S. at 679.

## VI. Discussion

LVNV makes two arguments in support of its Motion: (1) the Code preempts Plaintiffs' FDCPA claims; and (2) Plaintiffs' Amended Complaint fails to state a claim. The Court will address each in turn.

### A. The Code Does Not Preempt Plaintiffs' FDCPA Claims

#### 1. The Parties' Arguments

LVNV argues that Plaintiffs have failed to state a claim because the filing of an improper proof of claim in a bankruptcy proceeding cannot give rise to a cause of action for violating the FDCPA. (ECF No. 21 at 4.) The purpose of the FDCPA is to protect debtors from abusive debt collectors, but a debtor who has filed for bankruptcy receives protection from the bankruptcy court for those same abusive practices, so there is no reason for the FDCPA to apply. (*Id.* at 4–5.) Even if a debtor did not already receive protection from the bankruptcy court, the filing of an improper proof of claim is not an abusive debt collection practice that the FDCPA covers. (*Id.* at 5.) Essentially, the Code preempts the FDCPA because the Code already provides the debtor with a remedy. (*Id.*)

LVNV contends that when a creditor or debt collector files an improper proof of claim during the bankruptcy process, the debtor's recourse is under the Code and the rules of the bankruptcy court—not through filing an FDCPA action. (*Id.* at 6.) During Plaintiffs'

bankruptcy proceedings, they had an opportunity to object to any of LVNV's proofs of claim they believed were improper, and several of Plaintiffs did so object. (*Id.* at 7.) Allowing Plaintiffs' FDCPA claim to proceed would permit Plaintiffs to utilize and circumvent the safeguards present in the bankruptcy court to obtain damages for violations of the FDCPA and encourage debtors to avoid bankruptcy procedures in favor of filing FDCPA actions. (*Id.* at 7–8.)

Finally, LVNV maintains that allowing Plaintiffs' FDCPA claim to proceed would lead to absurd results. (*Id.* at 8.) The Code contains an automatic stay provision that bars acts of collection against debtors while the bankruptcy process is ongoing. (*Id.*) If filing an improper proof of claim is an act to collect a debt as defined in the FDCPA, then the act of filing that proof of claim violates that automatic stay present in the Code. (*Id.*)

Plaintiffs respond that the Code does not preempt their FDCPA claim because their claim and the Code align. (ECF No. 26 at 8.) Although the Third Circuit has held that the Code does, in certain circumstances, preempt FDCPA claims, preemption only occurs when the FDCPA and the Code have a direct conflict. (*Id.* at 8–9.) In this instance, both the provisions of the FDCPA and the Code are enforceable and there is no conflict. (*Id.* at 9.) Plaintiffs' claims under the FDCPA and the obligations of the Code are in alignment, not conflict, and therefore the Code does not preempt their FDCPA claims. (*Id.*) Plaintiffs seek, through the FDCPA, to impose the same obligation to make a truthful disclosure of the substance of a claim on LVNV as the Code's own provisions do. (*Id.* at 11.)

Plaintiffs contend that filing a proof of claim is an attempt to collect a debt as defined by the FDCPA. (*Id.* at 14.) The FDCPA is a broad statute that covers both direct and indirect

attempts to collect debts; filing a proof of claim is the first step to collecting a debt through bankruptcy and therefore an attempt to collect a debt as defined by the FDCPA. (*Id.*) Further, other courts have rejected the argument that considering the filing of a proof of claim to be an attempt to collect a debt would run counter to the Code's automatic stay provisions, and so should this Court. (*Id.*)

### 2. There Is No Conflict Between the FDCPA and the Code

Although in certain circumstances the Code preempts other federal laws related to bankruptcy, like the FDCPA, in this instance, there is no preemption. *See Simon v. FIA Card Servs., N.A.*, 732 F.3d 259, 274 (3d Cir. 2013). When a debtor brings an FDCPA claim premised on communications from the collector to the debtor during the bankruptcy proceeding, the Code does not categorically preclude FDCPA claims. *Id.* Instead, the Code preempts the FDCPA only when the two conflict—i.e., the Code and the FDCPA impose conflicting obligations upon a debt collector. *Id.* The availability of separate and overlapping remedies in each sphere does not necessitate preclusion. *Id.* at 278–79. To determine if the Code precludes Plaintiffs' FDCPA claims, the Court must determine whether there is a direct conflict between the Code and the FDCPA or whether both can be enforced. *Id.* at 274.

Here, there is no direct conflict between the Code and the FDCPA and accordingly, no preemption. Federal Rule of Bankruptcy Procedure 3001 governs the filing of proofs of claim in bankruptcy proceedings. *See* Fed. R. Bankr. P. 3001. Rule 3001 requires that a creditor, in filing a proof of claim, "conform substantially" to the official form, Form 410,[4] to file a proof of claim.

---

[4] Form 410 can be found online at: https://www.uscourts.gov/sites/default/files/form_b410.pdf. The Court will cite to this form as "Form 410."

*Id.* Rule 3001 also requires the creditor to, if the claim includes fees or interest in addition to principal, itemize those additional amounts and file that itemization with the proof of claim. *Id.*

To properly file a proof of claim, a creditor or debt collector must first fill out Form 410, which requires that the creditor fill in the amount of the claim and state whether that amount includes interest or other charges. Form 410. If the claim does include other charges, the creditor must fill out an itemized statement of those charges as required by Rule 3001. *Id.* Essentially, where the debt includes interest or fees, the Code requires a creditor to file a proper proof of claim by stating that interest or fees are at issue and to itemize those values to inform the debtor of their existence.

The FDCPA imposes a similar obligation upon debt collectors. Debt collectors may not falsely represent the character or amount of debts they seek to collect. 15 U.S.C. § 1692e. The FDCPA likewise bars the use of deceptive or misleading representations in debt collection activities. *Id.* The FDCPA also bars debt collectors from acting in an "unfair or unconscionable" manner. § 1692f.

The Third Circuit's decision in *Simon* supplies this Court's analysis. In *Simon*, the plaintiff, a bankruptcy petitioner, brought an FDCPA claim against a debt collector, alleging that the debt collector had failed to comply with the Code's subpoena rules. 732 F.3d at 278. As a result of improper subpoenas, the plaintiff alleged that the debt collector had violated the FDCPA's prohibitions on falsely representing documents as legal process. *Id.* at 278–79. Although the FDCPA provided remedies for this conduct, the Code also provided remedies for noncompliance with subpoena rules. *Id.* at 279. The Third Circuit held that there was no preemption because the debt collector could comply with both the Code and the FDCPA. *Id.*

Additionally, the fact that the bankruptcy court had remedies separate and apart from the FDCPA did not mean that the remedies conflicted; there was no conflict between enforcing compliance with subpoenas through the Code and awarding damages under the FDCPA. *Id.* Accordingly, the Third Circuit held that there was no preemption.

Here, there is no conflict between the Code and the FDCPA. The Code, through Rule 3001, imposes an obligation to truthfully report and itemize the value of a debt to collect it through bankruptcy. The FDCPA similarly bars misrepresentations in debt collection. A debt collector can comply with both the FDCPA and the Code by accurately reporting the amount of the debt and itemizing interest and other fees.

There is also no conflict between the Code's remedies and the FDCPA's. Remedies for a violation of Rule 3001 include, but are not limited to, precluding the filer from presenting evidence of the debt in the case and awarding expenses or attorney's fees caused by the failure to provide an accurate proof of claim. Fed. R. Bankr. P. 3001(c)(2)(D). Remedies for FDCPA violations include actual damages, statutory damages, costs, and attorney's fees. 15 U.S.C. § 1692k. These remedies are not in conflict. Rule 3001 specifically provides that the bankruptcy court may order "appropriate relief" in regard to improper proofs of claim, and the court is not limited to the enumerated actions. This may include remedies listed in the FDCPA. The enumerated actions overlap to an extent with the FDCPA—they are not mutually exclusive. As there is no conflict between the obligations of the Code and the FDCPA, as well as their respective remedies, there is no preemption.

### 3. Filing a Proof of Claim Does Not Violate the Code's Automatic Stay Provision

Although the Third Circuit has not directly addressed the issue, this Court holds that filing a proof of claim in the bankruptcy process is an attempt to collect a debt under the FDCPA but that the filing does not violate the Code's automatic stay provision. The FDCPA does not define what specifically constitutes an attempt to collect a debt, but Section 1692e bars the use of false or misleading representations "in connection" with any debt collection, and Section 1692f bars unfair or unconscionable means to "collect or attempt to collect" any debt. These prohibitions sweep broadly and cover a wide range of conduct.

At least three Circuit Courts of Appeals have held that the filing of a proof of claim is an attempt to collect a debt. *See Crawford v. LVNV Funding, LLC*, 758 F.3d 1254, 1262 (11th Cir. 2014), *abrogated on other grounds*, *Midland Funding, LLC v. Johnson*, 137 S. Ct. 1407 (2017); *Lewallen v. Green Tree Serv., LLC*, 487 F.3d 1085, 1091 (8th Cir. 2007); *Coxson v. Commw. Mtg. Co. of Am., LP*, 42 F.3d 189, 193–94 (5th Cir. 1995). These cases accurately reflect the FDCPA's broad prohibition on unfair and abusive debt collection practices and each holds that filing a proof of claim is an attempt to collect a debt covered by the FDCPA. This holding does not conflict with the Code's automatic stay provision. The automatic stay provision only bars debt-collection activity that occurs outside the bankruptcy proceeding, including direct debt collection contact. 11 U.S.C. § 362(a). The automatic stay does not prohibit filing a proof of claim before the bankruptcy court. *Id.* Filing a proof of claim is the first step in collecting a debt through the bankruptcy process and therefore an attempt to collect a debt covered by the FDCPA.

> B. The Court Denies LVNV's Motion in Part Because Plaintiffs Have Stated a Plausible Claim under Section 1692e for Using False or Misleading Representations in Attempting to Collect a Debt

LVNV's arguments primarily address Plaintiffs' FDCPA claim as it relates to unfair or unconscionable debt collection practices in violation of Section 1692f. (ECF No. 21 at 9–11.) However, the Amended Complaint also alleges that LVNV violated Section 1692e's prohibition on using false or misleading representations to collect a debt. (ECF No. 15 ¶ 79.) The Court will first address Plaintiffs' claims of false and misleading representations before proceeding to consider their claims of unfair or unconscionable collection practices.

To state a claim for a violation of the FDCPA, a plaintiff must show: (1) he or she is a debtor; (2) the defendant is a debt collector; (3) the defendant's acts constitute an attempt to collect a debt under the FDCPA; and (4) those acts violate an FDCPA provision. *Douglass v. Convergent Outsourcing*, 765 F.3d 299, 303 (3d Cir. 2014). Here, LVNV has only disputed the third and fourth elements. As discussed *supra* Section VI.A.3, the filing of a proof of claim is an attempt to collect a debt covered by the FDCPA—this meets the third element. Accordingly, the only remaining element for the Court to address is whether LVNV's conduct violates the FDCPA.

Debt Collectors have an obligation to make truthful, nonmisleading representations to debtors. 15 U.S.C. § 1692e. If a debt collector makes false, deceptive, or misleading representations while attempting to collect a debt, the debt collector has violated the FDCPA. *Id.* The Third Circuit follows the "least sophisticated debtor" standard in considering whether a representation is misleading; this is an objective standard and the plaintiff must only show that the least sophisticated debtor would be misled by the misrepresentation. *Jensen v. Pressler &*

*Pressler*, 791 F.3d 413, 418–19 (3d Cir. 2015). The misleading statement must also be material, meaning that it must be misleading in a more than merely "technical" sense; it must have the potential to affect the least sophisticated debtor's reasoning. *Id.* at 421. With regard to false statements, however, the least sophisticated debtor standard is inapplicable because the statement is either true or false; if the statement is false, the Third Circuit has directed this Court to apply the materiality test. *Id.* at 420–21. If the false or misleading representation is material, then it is a violation of the FDCPA. *Id.* at 421.

The allegations in the Amended Complaint give rise to a plausible claim that LVNV made materially false or misleading representations in attempting to collect Plaintiffs' debts. In filing its proofs of claim, LVNV represented that the amount sought was solely principal when it was not. (ECF No. 15 ¶¶ 46–51.) This is a false statement, as the debt did include interest or fees and was not solely principal as the proof of claim claimed.

Even if the amounts listed on the proofs of claim were correct in the total sought—i.e., were not false—the least sophisticated debtor could have been misled by those statements. The proofs of claim stated that the entire amount owed was principal and even the least sophisticated debtor is aware of the possibility of owing interest on a debt. The proofs of claim as filed could affect the least sophisticated debtor's reasoning regarding the debt and mislead the debtor about the nature and amount of the debt. *See Jensen*, 791 F.3d at 418 (stating that the least sophisticated debtor retains "a basic level of understanding and willingness to read with care"). Therefore, the least sophisticated debtor could have been misled by LVNV's proofs of claim and Plaintiffs have stated a claim for violation of the FDCPA's ban on false or misleading representations in debt collection.

Accordingly, to the extent LVNV's Motion seeks to dismiss Plaintiffs' Section 1692e claims, the Court denies the Motion.

### C. The Court Grants LVNV's Motion in Part Because Plaintiffs Have Not Stated a Plausible Claim under Section 1692f for Using Unfair or Unconscionable Debt Collection Practices

#### 1. The Parties' Arguments

LVNV argues that Plaintiffs' FDCPA claim fails because its conduct, as alleged in the Amended Complaint, does not state a claim for a violation of Section 1692f—its conduct was neither unfair nor unconscionable. (ECF No. 21 at 9.) Although LVNV's proofs of claim allegedly did not break down the interest, principal, and fees involved in each particular debt, a proof of claim is the only permissible form of communication with a debtor in the bankruptcy process, and communicating the existence of a debt through an approved means of communication in the bankruptcy process is neither unfair nor unconscionable. (*Id.* at 9–10.) This is even more so because bankruptcy debtors have more protections than do debtors not under the auspices of the bankruptcy court. (*Id.* at 10.)

Plaintiffs argue that they state a claim under Section 1692f because LVNV's conduct is both unfair and unconscionable. (ECF No. 26 at 15.) The FDCPA provides an illustrative list of prohibited conduct, but the list is not exhaustive. (*Id.*) The examples provided all share the common link of imposing unfair and unjustified burdens upon debtors in financial distress and filing a false proof of claim imposes a similar burden. (*Id.*) Additionally, the Code imposes an obligation to truthfully report the debt owed and LVNV has violated that obligation and engaged in unfair and unconscionable conduct. (*Id.* at 15–16.)

### 2. Plaintiffs Have Not Stated a Claim for Unfair or Unconscionable Debt Collection Practices

Section 1692f prohibits debt collectors from using "unfair or unconscionable means" in debt collection. Section 1692f provides a list of conduct that meets this requirement, but the list is illustrative only—it is not exhaustive: (1) collecting amounts of debt that law or the contract does not specifically authorize; (2) various actions involving postdated checks; (3) causing a debtor charges by concealing the nature of the communication; (4) taking or threatening nonjudicial action to take property if there is no right or intent to do so or the property is legally exempt; (5) communication about a debt via postcard; and (6) using language or symbols that are not the debt collector's address on communications about the debt. 15 U.S.C. § 1692f.

To state a claim for violating Section 1692f, a plaintiff must show the same elements as a Section 1692e claim: (1) he or she is a debtor; (2) the defendant is a debt collector; (3) the defendant's acts constitute an attempt to collect a debt under the FDCPA; and (4) those acts violate an FDCPA provision. *Douglass*, 765 F.3d at 303. As the Court has already determined that filing a proof of claim is an attempt to collect a debt, the only element in dispute is the fourth, whether LVNV violated the FDCPA's prohibition on unfair or unconscionable debt collection practices.

Plaintiffs do not argue that any of LVNV's actions fell within one of the discrete categories Section 1692f specifically enumerates. (ECF No. 26 at 15.) Rather, Plaintiffs contend that LVNV's conduct is of the same general type as the specifically prohibited conduct and the FDCPA likewise prohibits it. (*Id.*) In contrast, LVNV argues that filing a proof of claim was the

only method of communicating with Plaintiffs in the bankruptcy process and therefore it cannot be an unfair or unconscionable debt collection practice. (ECF No. 21 at 11.)

Section 1692f is a catchall provision that generally prohibits unfair or unconscionable debt collection practices not specifically barred by the FDCPA's other provisions. *See Maleh v. Utd. Collec'n Bureau Inc.*, 287 F. Supp. 3d 265, 273 (E.D.N.Y. 2018). Although the Third Circuit has not definitively addressed what constitutes "unfair or unconscionable" conduct in debt collection,[5] the Second Circuit held that it refers to debt collection practices that are "shockingly unjust or unfair, or affronting the sense of justice, decency, or reasonableness. *Arias v. Gutman, Mintz, Baker, & Sonnenfeldt LLP*, 875 F.3d 128, 135 (2d Cir. 2017). Although Section 1692f and the other provisions of the FDCPA are not mutually exclusive, if a complaint does not identify any conduct in addition to that alleged to violate another provision, the complaint fails to state a claim under Section 1692f. *Strouse v. Enhanced Recovery Co.*, 956 F. Supp. 2d 627, 637 (E.D. Pa. 2013).

Plaintiffs' allegations do not rise to the level of "shockingly unjust or unfair" and accordingly Plaintiffs have not stated a claim for a violation of § 1692f. The filing of false or misleading proofs of claim by itself is not conduct that falls within one of the categories Section 1692f specifically prohibits, it does not rise to the level *Arias* established. *Arias* held that requiring a debtor to prepare for a hearing that the debt collector knew to be frivolous and that the debt collector primarily intended to harass the debtor was "shockingly unjust or unfair." 875 F.3d at 138. Although LVNV's proofs of claim were misleading, Plaintiffs' allegations do not support the inference that the proofs of claim were frivolous or that LVNV filed them primarily

---

[5] The FDCPA does not define either "unfair" or "unconscionable."

to harass Plaintiffs. Further, LVNV's conduct underlying Plaintiffs' allegations of unfair or unconscionable conduct is the same conduct that forms the basis of their claim for unfair or unconscionable practices. As the *Strouse* court noted, when a plaintiff relies on allegations of the same conduct to establish violations of two separate FDCPA provisions, there cannot be claims for both false and misleading practices as well as unfair or unconscionable conduct. Accordingly, Plaintiffs have not stated a claim against LVNV for violations of Section 1692f.

### VII. Conclusion

For the foregoing reasons, the Court denies in part and grants in part LVNV's Motion to Dismiss.

An appropriate order follows

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| TRAVIS HOWARD, VANESSA HOWARD, WILLIAM SIMMS, CHARLES NEFF, STACY ADAMS-NEFF, and GWEN SNYDER, *individually and on behalf of all others similarly situated,*<br><br>　　　　　　Plaintiffs,<br>　v.<br><br>LVNV FUNDING, LLC, and RESURGENT CAPITAL SERVICES, LP,<br><br>　　　　　　Defendants. | Case No. 3:19-cv-93<br><br>JUDGE KIM R. GIBSON |

## ORDER

AND NOW, this 28th day of February, 2020, upon consideration of Defendants LVNV Funding, LLC, and Resurgent Capital Services, LP's Motion to Dismiss (ECF No. 20), **IT IS HEREBY ORDERED** that the Motion is **GRANTED IN PART** and **DENIED IN PART**. **IT IS FURTHER ORDERED** that Plaintiffs' claim is **DISMISSED WITH PREJUDICE** to the extent it alleges that LVNV violated 15 U.S.C. § 1692f.

BY THE COURT:

_____
KIM R. GIBSON
UNITED STATES DISTRICT JUDGE