UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| TRAVIS HOWARD, VANESSA HOWARD, WILLIAM SIMMS, CHARLES NEFF, STACY ADAMS-NEFF, and GWEN SNYDER, individually and on behalf of all others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>LVNV FUNDING, LLC, and RESURGENT CAPITAL SERVICES, LP,<br><br>Defendants. | Case No. 3:19-cv-93-KRG |

## MOTION TO COMPEL

Plaintiffs, by and through undersigned counsel, file this motion to compel to require Defendants to produce documents and information responsive to Plaintiffs' discovery requests.

## BACKGROUND

1. Both parties have served and responded to interrogatories, requests for production of documents, and requests for admission.

2. Counsel for Plaintiffs and Defendants have engaged in months long negotiations in order to resolve ongoing disputes regarding Defendants' responses to Plaintiffs' discovery requests.

3. Counsel for Plaintiffs and Defendants have resolved most of the disputes concerning Defendants' responses.

4. The only remaining dispute concerns production of information and documents relevant to class certification and Plaintiffs' claims.

## DISPUTE REGARDING CLASS CERTIFICATION DISCOVERY

5. With regard to class discovery, Interrogatory Nos. 1, 2, and 4 (the "Interrogatories") of Plaintiffs' First Set of Interrogatories, Requests for Production of Documents, and Requests for Admissions ("Plaintiffs' First Set of Discovery") sought the following information:

> (1) Identify by Consumer name, case number, court, court division, Creditor, and Date of filing, each proof of claim you filed in a Chapter 13 bankruptcy pending in a Pennsylvania court in which the proof of claim concerned an open-end credit account.
>
> (2) For each proof of claim identified in Your Answer to Interrogatory No. 1, state whether you checked "No" or "Yes" in Box 7 of the proof of claim form to indicate whether the amount of the claim included interest or other charges.
>
> (4) For each proof of claim identified in Your Answer to Interrogatory No. 1, state the amounts of "Principal," "Interest" and "Fees" you listed on the attached Proof Of Claim Addendum Page.

*See* Exhibit 1, p. 8 (ECF p. 9).

6. The Interrogatories were limited to June 6, 2018, to present. *Id* at p. 7 (ECF p. 8).

7. Defendants objected to the Interrogatories as follows:

> (1) [Defendants] object[] to this Interrogatory as overly broad, unduly burdensome, not proportionate to the needs of this case, and because it seeks information for an indefinite time period. [Defendants] further object[] to this Interrogatory as the information requested is publically accessible, and therefore as easily accessible to Plaintiffs as it is to [Defendants].
>
> (2) See Answer to Interrogatory Number 1. By way of further answer, [Defendants] object[] to this Interrogatory as overly broad, unduly burdensome, not proportionate to the needs of this case, and because it seeks information for an indefinite time period. [Defendants] further object[] to this Interrogatory as the information requested is publically accessible, and therefore as easily accessible to Plaintiffs as it is to [Defendants].

    (4) See Answer to Interrogatory Number 1. By way of further answer, [Defendants] object[] to this Interrogatory as overly broad, unduly burdensome, not proportionate to the needs of this case, and because it seeks information for an indefinite time period. [Defendants] further object[] to this Interrogatory as the information requested is publically accessible, and therefore as easily accessible to Plaintiffs as it is to [Defendants].

*See* Exhibit 2, pp. 3-4 (ECF pp. 4-5); Exhibit 3, pp. 3-4 (ECF pp. 4-5).

8. After receiving Defendants' objections, Plaintiffs sent a deficiency letter requesting supplemental responses. *See* Exhibit 4.

9. The deficiency letter noted that Defendants' non-specific, general objections were improper, and requested specific objections to the Interrogatories. *Id.* at Section I.

10. The deficiency letter also noted the impropriety of Defendants' public access objections. *Id.* at Section II.

11. Specifically, Plaintiffs claimed it was more efficient for Defendants to produce the requested information than to require Plaintiffs to search all bankruptcy cases filed since June 6, 2018, identify the cases in which Defendants filed proofs of claim, download each proof of claim, and then review each proof of claim to obtain the requested information. *Id*.

12. Finally, the deficiency letter noted that the time related objections were improper, as Plaintiffs limited the Interrogatories to June 6, 2018 to present. *Id.* at Section III.

13. During various meet and confers, Defendants indicated that they would not produce information responsive to the Interrogatories.

14. Defendants claimed they would not produce such information unless and until a class was certified. *See* Exhibit 5, p. 1 (ECF p. 2); *see also id.* at p. 4 (ECF p. 5).

15. In lieu of responding to the Interrogatories as stated, Plaintiffs offered to accept production of PDF copies of the proofs of claim Defendants filed since June 6, 2018. *Id.*

16. Defendants rejected this offer. *Id*.

17. Plaintiffs then offered to accept production of the case name, case number, and court of each case where Defendants filed a proof of claim since June 6, 2018. *Id.*

18. Plaintiffs offered to open each case, review the docket, download the proof of claim Defendants filed, review the proof of claim, and identify the information sought by the Interrogatories. *See* Exhibit 5, p. 4 (ECF p. 5).

19. Defendants rejected this offer. *See* Exhibit 5, p. 1 (ECF p. 2); *see also id.* at p. 4 (ECF p. 5).

20. Plaintiffs now seek production of PDFs of all of the proofs of claim Defendants filed since June 6, 2018, as an alternative to compelling full answers to the Interrogatories as stated.

21. Plaintiffs are willing to individually review each PDF and identify the information requested by the Interrogatories.

22. Plaintiffs require the information requested in the Interrogatories to determine the appropriate class definition, including whether the class definition should be limited by creditor, should be limited by the age of the credit card accounts purchased by Defendants, should be limited by the purchase date of the credit card accounts purchased by Defendants, or should be limited in some other way given the characteristics of the members of the putative class.

23. Plaintiffs additionally require the requested information to determine the size of the class they seek to certify.

24. In short, the information requested is relevant to class certification and will help Plaintiffs' determine whether a class should be certified.

25. On April 30, 2020, Plaintiffs requested Defendants produce this information before Plaintiffs filed a motion to compel. *See* Exhibit 7, pp. 1-3.

26. Defendants have not responded to Plaintiffs' request. *Id.* at p. 1.

27. Accordingly, Plaintiffs respectfully request the Court order Defendants to produce PDFs of all proofs of claim Defendants filed in Pennsylvania since June 6, 2018.

## **DISPUTE REGARDING INDIVIDUAL DISCOVERY**

28. With regard to the Plaintiffs' claims, Request for Production Nos. 1-10 of Plaintiffs' First Set of Discovery sought the following documents:

> (1)-(5) All Documents concerning … [Plaintiffs] and [the] Account[s] in Your possession, including all Documents which are filed, indexed, stored, or retrievable under Plaintiffs' name or any name, number, symbol, code, or designator that is assigned to, identifies, or refers to Plaintiffs or [the] Account[s].
>
> (6)-(10) All contracts, agreements, or other Documents between You and Creditor concerning … [Plaintiffs] and [the] Account[s].

*See* Exhibit 1, pp. 10-11 (ECF pp. 12-13).

29. In response to these requests, Defendants produced various bills of sale concerning Plaintiffs and the Accounts. *See* Exhibit 6.

30. Each bill of sale references an underlying purchase agreement. *Id.*

31. Plaintiffs requested Defendants produce the referenced purchase agreements. *See* Exhibit 5, pp. 1-2 (ECF pp. 2-3); *see also id.* at p. 5 (ECF p. 6).

32. Defendants refused. *Id.*

33. Production of the purchase agreements is necessary because the agreements will allow Plaintiffs to determine what documents and information were transferred with respect to the accounts at issue, and whether Defendants have the ability to obtain additional documentation or information from the relevant creditors with respect to the accounts at issue.

34. This information is directly relevant to Plaintiffs claims, as it will show whether Defendants had or could obtain information regarding the principal and interest on the accounts at issue, and what representations the original creditors made with respect to the composition of the accounts at issue.

35. On April 30, 2020, Plaintiffs requested Defendants produce this information before Plaintiffs filed a motion to compel. *See* Exhibit 7, pp. 1-3.

36. Defendants have not responded to Plaintiffs' request. *Id.* at p. 1.

37. Accordingly, Plaintiffs respectfully request the Court order Defendants to produce the purchase agreements referenced in the bills of sale Defendants produced to date.

WHEREFORE, Plaintiffs respectfully request the Court grant Plaintiffs motion to compel and enter the attached proposed order.

Respectfully Submitted,

Dated: May 6, 2020  By:  */s/ Kevin Abramowicz*
Kevin Abramowicz
East End Trial Group LLC
186 42nd Street, P.O. Box 40127
Pittsburgh, PA 15201
(412) 223-5740
kabramowicz@eastendtrialgroup.com

Mark G. Moynihan
Moynihan Law, P.C.
2 Chatham Center, Suite 230
Pittsburgh, PA 15219
(412) 889-8535
mark@moynihanlaw.net

*Attorneys for Plaintiffs*

**FED. R. CIV. P. 37(a)(1) CERTIFICATION**

I hereby certify that Plaintiffs have in good faith conferred or attempted to confer with Defendants to make disclosure or discovery in an effort to obtain it without court action. Plaintiffs began the meet and confer process in December 2019 by sending Defendants a deficiency letter. *See* Exhibit 4. Plaintiffs continued the meet and confer process for several months, until it became clear in April 2020 that Court intervention would be necessary. *See* Exhibit 5. On April 30, 2020, Plaintiffs requested that Defendants produce the information requested herein without Court intervention, and gave Defendants until May 5, 2020 to respond. *See* Exhibit 7, pp. 1-3. As of May 6, 2020, Defendants have not responded to Plaintiffs' request. *Id.* at p. 1.

/s/ Kevin Abramowicz
Kevin Abramowicz

## CERTIFICATE OF SERVICE

I hereby certify that, on May 6, 2020, Plaintiffs' Motion to Compel was served via CM/ECF on the following:

**GORDON & REES LLP**

Peter G. Siachos
18 Columbia Turnpike, Suite 220
Florham Park, NJ 07932
psiachos@grsm.com

Mark Golen
Jessica Lucas
707 Grant Street, Suite 3800
Pittsburgh, PA 15219
mgolen@grsm.com
jlucas@grsm.com

/s/ Kevin Abramowicz
Kevin Abramowicz